UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HENRY HICKSON #369635       CIVIL ACTION NO. 23-cv-378 SEC P

VERSUS             JUDGE TERRY A. DOUGHTY

TERRANCE HAULCY ET AL      MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Henry Hickson ("Plaintiff") is a self-represented inmate who was previously housed at the David Wade Correctional Center ("DWCC"). He filed this civil rights action against five prison officials based on allegations that he was wrongfully subjected to chemical spray. Before the court is a Motion for Summary Judgment (Doc. 24) by Defendants in which they assert a defense of failure to exhaust administrative remedies. Defendants concede that Plaintiff filed a grievance, but they present evidence that he withdrew it before he received a decision at the second and final step of the process. Plaintiff has not filed any timely response to the motion. For the reasons that follow, it is recommended that this action be dismissed without prejudice for failure to exhaust administrative remedies.

**The Exhaustion Defense**

  **A. The Exhaustion Requirement**

Plaintiff's complaint asserts claims based on 42 U.S.C. § 1983. Defendants argue that the complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies before he filed suit. The defense is based on a provision in 42

U.S.C. § 1997e(a) that provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The statute is interpreted broadly to apply to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Porter v. Nussle, 122 S.Ct. 983 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006). "[T]he PLRA pre-filing exhaustion requirement is mandatory and non-discretionary." Gonzalez v. Seal, 702 F.3d 785, 787 (5th Cir. 2012) (per curiam).

**B. Summary Judgment Burden**

"Since exhaustion is an affirmative defense, the burden is on [Defendants] to demonstrate that [Plaintiff] failed to exhaust available administrative remedies." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). A defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." Id.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict

for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**C. Analysis**

Defendants submit an affidavit from Nikki McCoy, the executive management officer at DWCC, who testifies that she is familiar with the administrative remedy procedure in place at the prison as well as the grievance filed by Plaintiff. McCoy explains that the grievance process is commenced by submitting a written grievance to the warden. If the offender is dissatisfied with the warden's decision, he may appeal to the Secretary of Public Safety and Corrections. If the offender is dissatisfied with the secretary's decision. He may file suit in court.

Defendants' summary judgment evidence includes grievance no. 2022-0590 filed by Plaintiff in which he alleged that he experienced a medical episode that prison officials said was the result of him being intoxicated. Plaintiff wrote that he was handcuffed behind his back and on his knees while officers questioned him. He felt "affronted by the blatant disrespect" exhibited by Major Hauley, so Plaintiff stood up and assertively approached him. Hauley told Plaintiff not to approach him in that manner, and he soon sprayed Plaintiff

directly in the face with a chemical agent. Plaintiff wrote that he was then shackled at his ankles and left to writhe in pain as a result of the chemical agent.

The unit head issued a response to the grievance and wrote that it had been determined that the use of force complied with policy at the relevant time. The response also stated that force was not implemented until Plaintiff became extremely agitated and became a threat to security by becoming defiant and charging toward security personnel in a hostile and aggressive manner.

Plaintiff completed a form at the bottom of the step one response that indicated he was not satisfied and wished to proceed to step two. His request was dated December 8, 2022, and a memo states that the secretary received the request on December 29, 2022. The rules of the administrative remedy procedure stated that the secretary or his designee would render a second step response within 45 days of receipt of the ARP by headquarters. That deadline would be February 12, 2023.

There is no indication in the summary judgment record of further activity until March 15, 2023, when Plaintiff completed a form that stated his wish to withdraw grievance no. 2022-0590. The form stated: "I am dropping the said ARP of my own free will without persuasion or coercion from anyone." Plaintiff signed the form in the presence of Lt. Co. Hauley, who signed as a witness. Plaintiff added the words "without prejudice" next to his signature.

The withdrawal was perhaps not communicated immediately to headquarters because two days later, March 17, 2023, the secretary's designee issued a step two decision that denied the grievance on the merits. The decision stated that Plaintiff chose to charge

toward security staff when it was determined that he was intoxicated, staff used the minimal amount of force necessary to bring him into compliance, and Plaintiff refused to be assessed by medical staff.

A few days later, on March 21, 2023, Plaintiff signed and mailed his judicial complaint to commence this civil action. The complaint form asked Plaintiff about his efforts to exhaust administrative remedies. Plaintiff wrote that he filed a grievance that was denied at the institutional level. He wrote that a second step request was forwarded to the secretary on December 29, 2022, a response was required to be issued within 40-45 days, but no response had been issued "by at least March 14, 2023."

"[U]nder some circumstances, a prison's failure to respond to a prisoner's grievances can result in the prisoner's administrative remedies being deemed exhausted." Wilson v. Epps, 776 F.3d 296, 301 (5th Cir. 2015). If the prison fails to respond to a grievance at some preliminary step in the process, the prisoner must move on to the next step. But if the prison fails to respond at the last step of the grievance process, the prisoner becomes entitled to sue because there is no next step (save filing a lawsuit) to which he can advance. Id.

Under Wilson, if Plaintiff had not withdrawn his grievance, Plaintiff likely could have filed suit at any time more than 45 days after December 29, 2022 and not been subject to an exhaustion defense. Plaintiff's complaint was filed well after the 45-day period that ended February 12, 2023. But Plaintiff, instead of filing suit, voluntarily withdrew his grievance on March 15, 2023. The secretary later issued a decision on the merits, but by then the earlier withdrawal of the grievance made that action moot.

"Several district courts have held that, when a prisoner withdraws a grievance from the administrative process prior to a formal decision on the merits of the grievance, the PLRA exhaustion requirement ordinarily bars the prisoner from seeking judicial relief." McPartlin v. Hunter, 2016 WL 11472368, *5 (N.D. Tex. 2016). See, e.g., Foster v. Coody, 2008 WL 544676, *4 (M.D. La. 2008) (inmate who voluntarily withdrew grievance by signing a form witnessed by two security officers failed to exhaust his administrative remedies) and VanSlyke v. Taylor, 2023 WL 4042663, *5 (S.D. Miss. 2023) ("withdrawal of grievances … prior to conclusion of the ARP process means these grievances are incomplete, and the claims presented therein are unexhausted").

Plaintiff technically exhausted his grievance when 45 days passed after submission to the secretary, but rather than file suit he chose to voluntarily withdraw the grievance. In a civil action, the equivalent to the withdrawal is a dismissal without prejudice, the effect of which "is to put the plaintiff in a legal position as if he had never brought the first suit." Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc., 434 F.3d 320, 324 (5th Cir. 2005). "A voluntary dismissal without prejudice leaves the situation as if the action had never been filed." Long v. Bd. of Pardons & Paroles of Texas, 725 F.2d 306, 307 (5th Cir. 1984).

When Plaintiff withdrew his grievance, it became as if grievance no. 2022-0590 had never been filed, so there could be no exhaustion of the claims presented in that grievance. The complete withdrawal of the grievance rendered irrelevant all steps that came before or after the withdrawal. It is recommended, under these unique circumstances, that Defendants' motion for summary judgment be granted based on the exhaustion defense.

Plaintiff has not responded to the motion to challenge the authenticity of his withdrawal or provide any explanation that would warrant a different result. Plaintiff failed to properly exhaust his administrative remedies prior to bringing this civil action, so dismissal without prejudice is warranted. Bargher v. White, 928 F.3d 439, 447 (5th Cir. 2019).

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 24) be granted and that this civil action be dismissed without prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of January, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge
